DECISION
{¶ 1} Appellant, Raceway Park, Inc. ("Raceway"), appeals a decision of the Franklin County Court of Common Pleas which affirmed an order by appellee, the Ohio State Racing Commission ("OSRC"), denying Raceway's application for a license to operate a satellite wagering, also known as "off-track betting," facility in Lima, Ohio.
{¶ 2} Raceway is a horse racing facility in Toledo, Ohio. In August 2000, Raceway applied to OSRC for a satellite wagering license, and outlined its plans to purchase and convert Player's Sports and Spirits, a sports bar located within Eastgate shopping center in Perry Township, into an off-track betting site. The shopping center is owned by JJ Enterprises, a company owned by Jeffrey and Robert Roschman. The sports bar is owned by Dan Slosick who leases the facility from JJ Enterprises. According to the application, Raceway would purchase the sports bar business from Slosick, and would additionally purchase the premises from JJ Enterprises once the satellite wagering license was granted.
{¶ 3} Pursuant to R.C. 3769.26(A)(1), the application was presented to the Board of Trustees of Perry Township, which approved the application in a resolution dated April 4, 2000. An attempt was made to obtain sufficient signatures on a petition for a referendum allowing Allen County residents to vote on the issue, but not enough signatures were obtained and no referendum occurred. The matter then came on for hearing before the OSRC in October 2000. At the hearing, OSRC noted that the application materials did not contain the fingerprints of Jeffrey and Robert Roschman, so that the background check required by R.C.3769.26(A)(3)(a) could not be completed. In addition, OSRC heard testimony from several Allen County elected officials who asserted that the procedure by which the approval of the township trustees had been obtained did not protect the right of the citizens of Allen County to protest the licensing of an off-track betting facility. According to the witnesses opposed to the license, the matter had been presented to the trustees without adequate opportunity for community input, and the trustees' approval had been widely publicized too late for those opposing the facility to obtain sufficient signatures to allow a referendum to be held.
{¶ 4} At the conclusion of the hearing, the OSRC voted to deny the license for the reason that the application, lacking the required fingerprints, was incomplete, and for the additional reason that so many Allen County elected officials had testified that the community is opposed to off-track betting in Lima.
{¶ 5} The trial court held that the OSRC did not abuse its discretion in concluding that the approval of the facility was not in the best interests of horse racing. In so holding, the court stated: "the Board found that the application was incomplete. Additionally, it appears to have believed that the approval by the township trustees was procured by less than reliable means since the community leaders appeared unanimously opposed to the facility."
{¶ 6} Raceway now assigns the following as error:
{¶ 7} "1. The trial court abused its discretion in finding the State Racing Commission relied upon substantial, reliable and probative evidence when it permitted the comments of a few members of the public as the basis for denial of an application for the establishment of a satellite facility, where R.C. § 3769.26 limits the Commission's consideration to whether the local legislative authority approved the application and whether applicant satisfied other statutory requirements."
{¶ 8} In reviewing appeals taken from administrative orders, this court must determine whether the trial court abused its discretion in rendering a decision which does not simply arise out of an error in judgment, but is the result of "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. In such cases, this court must be mindful that the legislature has placed administrative authority in the hands of those persons having the experience in and knowledge of a particular field, and we must show due deference to their interpretation of the facts and the law. Id., citing Arlen v. State (1980), 61 Ohio St.2d 168, 173.
{¶ 9} According to Raceway, because it satisfied the statutory requirements for approval of its proposed facility, OSRC was not permitted to deny its application and the trial court abused its discretion in affirming OSRC's decision. Raceway appears to advocate a strict reading of R.C. 3769.26 which would require OSRC to approve any application which, on its face, meets all the requirements contained in the statute.
{¶ 10} Raceway's argument fails for two reasons: first, R.C.3769.03, which generally outlines the governing powers of OSRC, states:
{¶ 11} "The state racing commission may issue, deny, suspend, or revoke licenses to those persons engaged in racing and to those employees of permit holders as is in the public interest for the purpose of maintaining a proper control over horse-racing meetings. * * *" (Emphasis added.)
{¶ 12} Moreover, R.C. 3769.26(A)(1) states: "each track * * * may establish, with the approval of the state racing commission * * * not more than two satellite facilities." (Emphasis added.) Thus, the power of OSRC to approve or reject a license application is discretionary, not mandatory. There would be no point to the statutory scheme allowing a hearing if OSRC were required to issue a license upon being presented with a completed application.
{¶ 13} Second, Raceway's argument also fails because pursuant to R.C. 3769.26(A)(3)(a), OSRC "shall not approve a track's request to establish a satellite facility if the owner of the premises where the satellite facility is proposed to be located" has committed a crime related to gambling or another offense which the OSRC determines to be related to the fitness of that person to be the owner of such a facility. In order for OSRC to determine whether the owners of the premises have a criminal history, Raceway was required to provide fingerprints, which it did not do. See Ohio Adm. Code 3769-12-36. Given that the application was incomplete, OSRC could not approve it at the time of the hearing.
{¶ 14} Raceway also asserts that OSRC should not have heard and relied upon testimony from Allen County elected officials who opposed the application. We find nothing in the statutes which prohibits OSRC from entertaining such evidence, just as we find nothing requiring OSRC to grant the license should the various application requirements be met. The statute appears to give OSRC considerable discretion in determining what is in the best interest of racing, and we find nothing in the record suggesting an abuse of that discretion.
{¶ 15} Based upon these considerations, the OSRC had before it reliable, probative and substantial evidence that the approval of Raceway's application should be denied, and the trial court did not abuse its discretion in affirming. Raceway's assignment of error is overruled and the order of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and KLATT, JJ., concur.